## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNYIME DUFF and AUGUSTINE** | : | **CIVIL ACTION** |
| **DUFF, Individually and Administrators** | : | |
| **of the Estate of Emediong Duff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **PRECIOUS GEMS CHILD CARE** | : | **NO. 20-1222** |

### MEMORANDUM OPINION

**Savage, J.**                                                                                          **March 9, 2020**

In removing this action, the defendant contends that the federal court has subject matter jurisdiction based upon diversity of citizenship pursuant to 28 U.S.C. §§ 1332(a) and 1441(b).  Consistent with our "independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it," *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010), we may remand a case *sua sponte* for lack of subject matter jurisdiction.  28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").  Because the defendant has not shown that the amount in controversy exceeds the $75,000.00 jurisdictional threshold necessary for subject matter jurisdiction under 28 U.S.C. § 1332, we shall remand the action.

A defendant removing a case from state court under § 1332(a) bears the burden of demonstrating that the amount in controversy exceeds the $75,000.00 jurisdictional threshold.  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83-84 (2014); *Kaufman v. Allstate New Jersey Ins. Co.*, 561 F.3d 144, 151 (3d Cir. 2009) (citing *Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007)).  Additionally, removal statutes are to be strictly construed against removal, and all doubts are resolved in favor

of remand.  *A.S. ex rel. Miller v. SmithKline Beecham Corp.*, 769 F.3d 204, 208 (3d Cir. 2014) (citation omitted); *Brown v. JEVIC*, 575 F.3d 322, 326 (3d Cir. 2009).

The plaintiffs commenced this action by filing a writ of summons in state court on November 7, 2019.  The defendant was served with the writ of summons on February 19, 2020, and removed the action before a complaint was filed.  The defendant states that the plaintiffs "have filed this matter as Administrators of the Estate of their son, Emediong Duff," and "believes" that the action arises out of their son's death.  On that basis, it "believes" the amount in controversy is in excess of $150,000.  Not. of Removal ¶¶ 7-8.

A "notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1).  To constitute an "initial pleading" under this provision, the pleading must notify the defendant "what the action is about" to enable him to determine whether there is federal jurisdiction.  *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 352 (1999).  In Pennsylvania, a writ of summons alone is not an initial pleading sufficient to trigger the period for seeking removal under 28 U.S.C. § 1446(b).  *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 222-23 (3d Cir. 2005).

The writ of summons provides no information identifying the basis of the action or the claims that the plaintiffs are asserting.  It does not identify the plaintiffs as parents of Emediong.  More importantly, in the context of removal, there is nothing from which one can discern the amount in controversy.  The defendant presumes that because the plaintiffs bring this action as administrators of Emediong's estate, it asserts claims based on Emediong's death.  That is not enough.  It is impossible to determine whether the

amount in controversy in fact exceeds the jurisdictional minimum.

Because the defendant has not shown that the amount in controversy exceeds $75,000.00, we shall remand this action for lack of subject matter jurisdiction.